IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE MARIE WATROUS )
) No. 17-1133
)
v.

COMMISSIONER OF SOCIAL
SECURITY

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed a protective application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. Plaintiff's application involved alleged disability due physical and mental impairments, including diabetes, back impairments, fibromyalgia, depression, and anxiety. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II. **THE PARTIES' MOTIONS**

Plaintiff challenges the ALJ's treatment of the report of Dr. Gerger, a treating primary care physician.

2

It is well-settled that the ultimate disability determination is reserved for the ALJ. Pettway v. Colvin, No. 14-6334, 2016 U.S. Dist. LEXIS 141407, at *32-33 (E.D. Pa. Apr. 8, 2016). Where a conflict in the evidence exists, an ALJ "is free to choose the medical opinion of one doctor over that of another." Diaz v. Commissioner of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009). When such a conflict exists, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason… The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citation omitted).

Here, Dr. Gerger completed a December 22, 2014 medical source statement regarding Plaintiff's functional limitations. The ALJ thoroughly recounted Dr. Gerger's findings, along with all of the other medical evidence of record. He concluded that Dr. Gerger's opinions as to lifting and carrying, and manipulative, postural, and environmental limtiations, were generally supported by the record as a whole and the objective medical evidence. He stated, therefore, that those opinions were "partially reflected" in the residual functional capacity ("RFC"). The ALJ also found, however, that the limitation on sitting for only three hours per day was inconsistent with Plaintiff's work as a taxi driver; similarly, limitations on standing and walking were not consistent with the overall evidence and "less persuasive." The ALJ also afforded little weight to Dr. Gerger's subsequent November 10, 2016 Physician's Report, due to the lack of explanation for additional exertional restrictions, and inconsistency with Plaintiff's continued work driving vehicles in 6-7 hour shifts at least two days per week.

Plaintiff suggests that Dr. Gerger's December, 2014 opinion focused on her osteoarthritis and bulging discs, and did not account for later diagnoses, such as those of chronic obstructive pulmonary disease ("COPD"), and neuropathy. The ALJ, however, noted the parts of the record

3

pertaining to Plaintiff's neuropathy diagnoses as of 2013, and Dr. Gerger's suspicion of neuropathy in 2012; the ALJ also discussed how her neuropathy was addressed at appointments between 2013 and 2016. Further, it is clear that Dr. Gerger's December, 2014 opinion was not directed solely to Plaintiff's osteoarthritis and bulging discs; Dr. Gerger merely noted those conditions as support for the lifting/carrying limitations that he identified. In other words, at the time of his December, 2014 medical source statement, there is no reason to conclude that Dr. Gerger was unaware of, or did not intend to account for, Plaintiff's other conditions. Furthermore, in his October, 2016 Physician's Report, Dr. Gerger identified Plaintiff's "initial complaints" as including COPD, and the "initial diagnosis" as neuropathy, with the "current diagnosis" including both neuropathy and COPD. In any event, in that October, 2016 report, Dr. Gerger opined that Plaintiff was moderately limited in exposure to marked changes in temperature and humidity, and to dust, fumes, and gases. The RFC was consistent with this opinion, as it limited Plaintiff to "no more than occasional exposure" to such environmental factors. The ALJ did not err when he weighed the evidence alongside the entire record, and offered an adequate explanation for his conclusions.

Along with her challenge to the ALJ's treatment of Dr. Gerger's opinion, Plaintiff asserts that the ALJ failed to properly consider her subjective pain complaints. In particular, she argues that the ALJ failed to consider that her diagnoses, including diabetes and fibromyalgia, support her subjective complaints. "It is well-settled that a claimant's allegations alone will not establish that he is disabled. While the ALJ must seriously consider a claimant's subjective complaints, it is within the ALJ's discretion to weigh such complaints against the evidence and to reject them." Buskirk v. Colvin, No. 13-05800, 2014 U.S. Dist. LEXIS 20606, at *22 (S.D. W. Va. Jan. 30, 2014) (citations omitted).

4

> An ALJ may discredit a claimant's complaints of pain when: (1) there is contrary medical evidence in the record, and (2) the ALJ explains the basis for rejecting the complaints. …If medical signs or laboratory findings show that claimant has a medically determinable impairment that could produce pain, the ALJ must consider all available evidence, including claimant's statements, to determine whether and how the symptoms limit claimant's capacity to work.

Righter v. Apfel, No. 00-2204, 2001 U.S. Dist. LEXIS 8881, at *41 (E.D. Pa. Mar. 19, 2001) (citations omitted).

Plaintiff also complains that the ALJ did not consider whether the combined effects of her sleep apnea, COPD, and asthma require additional restrictions on her functional abilities, and on whether Listing 3.10 is met. As for the former contention, Plaintiff presented to the ALJ a fairly extensive medical record, along with several medical opinions. The ALJ considered that record, and explicitly considered all of her diagnoses and credited symptoms. He committed no error in that regard. To the extent that Plaintiff intends to argue that the ALJ should have developed the record further, I reject that contention.

As regards the respiratory Listings, "an ALJ is required to discuss whether an impairment or combination of impairments equals an impairment in the Listing only if the claimant presents evidence supporting equivalence." Medeiros v. Astrue, No. 11-00386, 2012 U.S. Dist. LEXIS 185170, at *12-13 (D. Or. Dec. 27, 2012). "A Plaintiff challenging an ALJ's equivalency determination must specifically identify why her impairments or combination of impairments meet or equal a listed impairment." Id. Here, the ALJ found that Plaintiff's respiratory impairments were non-severe. He explained that medical records showed trace end expiratory wheezes but generally clear lungs, and lacked any pulmonary evidence to substantiate COPD and asthma. Plaintiff has not identified evidence of equivalence with any respiratory Listing. In light of the entire record, the ALJ did not err. Cf. Blevins v. Colvin, No. 15-14240, 2016 U.S. Dist. LEXIS 163550, at *10 (S.D. W. Va. Sep. 16, 2016).

5

Finally, Plaintiff contends that the ALJ found that she was limited to unskilled work, but the vocational expert ("VE") testified to a job – as a guard, with 20,000 jobs available in the economy – that is classified as semi-skilled. As a result, Plaintiff contends, the remaining 15,000 nationally available jobs are insufficient in number. The VE testified that although the guard job is characterized with an SVP of 3, they are in his experience actually unskilled jobs, and that the jobs that he referred to were performed primarily at night in office buildings. Plaintiff does not offer any reason that it was improper for the ALJ to rely on this testimony. In reaching his conclusion, the ALJ specifically noted the ALJ's qualification regarding the guard jobs. Under all of the circumstances, I find no error in the ALJ's conclusion that sufficient jobs existed in the national economy.

## CONCLUSION

Although I empathize with Plaintiff's difficulties, it is not within my authority to reweigh the evidence. Under applicable standards, I am constrained to find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: May 17, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE MARIE WATROUS )
) No. 17-1133
)
    v.

COMMISSIONER OF SOCIAL
SECURITY

AND NOW, this 17th day of May, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

                              BY THE COURT:

                              _/s/ Donetta W. Ambrose_

                              Donetta W. Ambrose

                              Senior Judge, U.S. District Court